(C.R.D. 73–14)

## W. T. GRANT Co. *v*. UNITED STATES

(Dated June 29, 1973)

*Sharretts, Paley, Carter & Blauvelt* (*Richard L. Furman* of counsel) for the plaintiff.

*Harlington Wood, Jr.*, Assistant Attorney General (*Robert B. Silverman*, trial attorney), for the defendant.

MALETZ, Judge: These consolidated actions involve the dutiable status of articles invoiced as cabana or other sets of shirts and pants or shorts. The articles which were imported from Japan and Hong Kong from 1959 to 1963 were assessed with duty at 25 percent ad valorem under paragraph 919 of the Tariff Act of 1930, as modified, as shirts of cotton, not knit or crocheted.

Plaintiff claims that the importations are similar in all material respects to the shirt and longie sets in *The Nissho American Corp.* v. *United States*, 64 Cust. Ct. 378, C.D. 4005 (1970), which sets were held to be entireties dutiable at 20 percent ad valorem as clothing and wearing apparel, wholly or in chief value of cotton, not specially provided for, under paragraph 919 of the Tariff Act of 1930, as modified. Plaintiff further claims that *Nissho* is *stare decisis* of the issue here, and that the sets presently in question are likewise entireties dutiable at 20 percent under the same provision of paragraph 919.

Against this background, plaintiff has moved for summary judgment pursuant to rule 8.2, contending that there is no genuine issue as to any material fact and that it is therefore entitled to judgment as a matter of law. Defendant opposes on the ground that a genuine factual issue remains for trial, specifically the identity of the merchandise in question.

The triable issues to be resolved are plaintiff's claims that the merchandise in issue consists of entireties and that the imported merchandise is similar in all material respects to the merchandise which was the subject of *Nissho*. The identification and description of the imported merchandise is thus crucial to plaintiff's claims. However, no samples or supportive company documents were submitted. The only evidence submitted by plaintiff to support its claims was an affidavit of D. Spencer who from October 1962 through June 1965 was plaintiff-importer's buyer of little boys' clothes, including little boys' shirt and slack sets, cabana sets, and shirt and short sets.

In this context, it is important to note that the issues raised in this action are virtually identical to the issues raised in *W. T. Grant Co.* v. *United States*, 70 Cust. Ct. 354, C.R.D. 73–10 (1973), in which plaintiff's motion for summary judgment was denied.[1] Furthermore, in the present action the affidavit of D. Spencer is identical to an affidavit of the same D. Spencer which plaintiff submitted to support its motion for summary judgment in the earlier *Grant* case. Although the style numbers here in issue are different from the style numbers which were the subject of the first *Grant* case, the merchandise is of the same genus, is claimed by the plaintiff to be similar in all material respects to *Nissho* and was imported at about the same time.

In the first *Grant* case, the court noted serious doubts as to the competency of Spencer to testify respecting the importations in that case. Many of the reasons employed by the court in reaching that determination are equally applicable here. For one thing, Spencer's affidavit shows a familiarity with "little boys' clothes" that did not begin until October 1962. Significant in this connection is the fact that the merchandise involved here—which comprised 17 entries—was imported from November 1959 through August 1963, with 9 of the 17 entries imported prior to October 1962. Also detracting from Spencer's ability to identify the merchandise is the fact that he did not see any of the imported articles on display in the Grant stores until the fall of 1964— well over a year after the entry of the last shipment of the merchandise in question.

In short, it is clear on the basis of the present record that plaintiff has failed to show that the merchandise in the present case is similar in all material respects to the merchandise involved in *Nissho*. The motion for summary judgment is therefore denied.

---

[1] Plaintiff's motion for summary judgment in the first *Grant* case alleged that the merchandise there involved was similar in all material respects to the merchandise which was the subject of *Miniature Fashions, Inc.* v. *United States*, 54 CCPA 11, C.A.D. 894 (1966), and *The Nissho American Corp.* v. *United States, supra*.